The land in dispute was once the property of John Bennett, who, on 25 December, 1816, executed a bond whereby he bound himself to make and execute a deed for the said land to George Pollard, upon the said George paying him seven hundred and fifty dollars in cash on the 20th day of January then next ensuing; and thereupon Bennett gave up the possession of the land to Pollard, who entered and retained possession till Bennett's death, in September, 1819. At the December Term, 1819, of Martin County Court, Jesse Pierce took out letters of administration upon the estate of John Bennett; and on 13 June, 1820, executed (610) a deed for the said land to the said George Pollard, wherein it was recited that John Bennett, the intestate, had received the purchase money for the land in his lifetime. The feme lessors of the plaintiff were the children of John Bennett, and at his death were infants of tender years; and of whom the eldest intermarried with the lessor, John Williams, after she became of full age, and at the time of bringing the suit was twenty-five years old. The other feme lessor was under age, both at the time of her marriage and at the institution of the suit. The lessors of the plaintiff claimed as the heirs at law of John Bennett; and the defendant claimed under George Pollard, by a regular chain of conveyances, and a continued possession from 25 December, 1816, up to the time of the trial. There was no evidence of the payment of the purchase money, except the recital in the administrator's deed. Both Pollard and Pierce, the administrator, had been dead several years.
His Honor being of opinion with the defendant, the lessors of the plaintiff submitted to a judgment of nonsuit and appealed.
In our judgment the facts admitted were not sufficient to warrant the opinion entertained by his Honor. It sufficiently appears, indeed, that the right of entry of one of the lessors of the plaintiff was barred by long continued adverse possession, but the other lessor having been under the disability of infancy ever since that adverse possession commenced, her right of entry yet remains, unless a valid title in the *Page 481 
land passed by the conveyance of the administrator of her father to George Pollard. The deed purports to have been executed under the authority given by an act of the General Assembly to administrators to execute deeds of conveyance for lands which have been sold by their intestates, and for making title to which bonds have been given. (See 1 Rev. St., ch. 46, sec. 28.) The act confers a special authority, and the deed is valid or invalid, accordingly as the administrator has or has not pursued that authority. One of the provisions in the act is that an administrator shall not be authorized to execute a conveyance previous to the full payment of the purchase money, if by the bond payment thereof is required before making title. The bond in this (611) case does so require; and if in fact payment was made of the purchase money before the conveyance of the administrator, he has pursued his authority; but if it were not made he has not pursued it. Now, the case on which his Honor declared that the law was for the defendant does not state the fact of payment, but sets forth only evidence tending to show the fact; and as it is the province of the court with us merely to declare the law, it is incompetent for the court either to infer the fact from any evidence which does not in law establish it, or to direct the jury so to infer it.
If the deed of the administrator had contained an acknowledgment of payment to him of the purchase money, it would have operated as a release, and have been plenary evidence of such payment. But a recital in it that it appeared that payment had been made to his intestate is no more than a declaration of his belief of a fact, and per se is not evidence at all against the lessors of the plaintiff, who claim not under him, but directly from their father.
The facts set forth in the agreed case, that possession was taken by the vendee upon the execution of the bond, and held uninterruptedly for twenty years; that the vendor lived nearly three years after the purchase money became due; that after his death the administrator, whose duty it was to collect the money if it then remained unpaid, set up no demand therefor, but on the contrary executed a conveyance of the land; that one of the lessors has acquiesced in the possession held under that conveyance for four years after she came of age, may at this day, when more positive proof of the alleged payment is difficult to be obtained, satisfy a jury that in fact the payment was made. And if it does, it will justify a verdict for the defendant. But, if upon all the evidence in the case, they come to the conclusion that payment was not made, it will be their duty to find for the plaintiff, as to one moiety at least of the demised premises.
It is therefore the opinion of the Court that the judgment rendered in the Superior Court must be reversed, and a venire de novo awarded.
PER CURIAM. Judgment reversed. *Page 482 
(612)